# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| SANFORD L. RUSH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| AMERICAN MEDICAL ) | |
| COLLECTION AGENCY and ) | Jury Trial Demanded |
| RETRIEVAL-MASTERS CREDITORS ) | |
| BUREAU, INC., ) | |
| ) | |
| Defendants, ) | |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

1

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### III. PARTIES

4. Plaintiff Sanford L. Rush (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant American Medical Collection Agency (hereinafter "Defendant AMCA") is a for-profit limited corporation organized in New York, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a registered foreign business entity doing business in Tennessee that maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929 as its registered agent in Tennessee for service of process.

6. Upon information and belief, Defendant AMCA is a wholly-owned subsidiary or related company of Defendant RMCB.

7. Defendant Retrieval-Masters Creditors Bureau, Inc. (hereinafter "Defendant RMCB") is a for-profit limited corporation organized in New York, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a registered foreign business entity doing business in Tennessee that maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929 as its registered agent in Tennessee for service of process.

2

## IV. FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a medical debt that is owed to Spectrum Laboratory Network (hereinafter "SLN").

9. Prior to July 10, 2009, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

### *Collection Service Licensing*

10. "Collection service" means any person, who directly or indirectly, for a fee, commission, or other compensation, offers to a client or prospective client the service of collecting, or purchasing for collection, accounts, bills, notes or other indebtedness due such client for various debtors. Tenn. Code Ann. § 62-20-102(3).

11. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service

license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

12. Defendant AMCA has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

13. Defendant RMCB has been issued a valid collection service necessary to legally collect debts in Tennessee.

14. Defendant RMCB is fully aware of what the requirements must be met to obtain a collection service license in Tennessee and have knowingly failed to comply with these requirements for Defendant AMCA.

15. The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to

obtain information concerning a consumer.

16. The FDCPA, 15 U.S.C. § 1692f, states:

> A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

17. By attempting to collect this debt at a time when they were not licensed as a collection service by the Tennessee Collection Service Board, Defendant AMCA violated 15 U.S.C. § 1692e(5), and this threat to take action that cannot be legally taken is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *July 10, 2009 Collection Letter*

18. On or about July 10, 2009, Defendant AMCA mailed a collection letter dated July 10, 2009 to Plaintiff in an effort to collect the alleged debt. A redacted copy of this collection letter is filed as Exhibit 1 to this Complaint.

19. This collection letter was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. This communication has the mailing address of Defendant AMCA and shows the amount of $101.00 as currently due and states, among other things, that:

5

(a) "We have been authorized to contact you regarding your past due account with our client, **Spectrum Laboratory Network** . . . ." (bold in original)

(b) "This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, Nashville, TN."

21. By attempting to collect this debt at a time when they were not licensed as a collection service by the Tennessee Collection Service Board, Defendant AMCA violated 15 U.S.C. § 1692e(5), and this threat to take action that cannot be legally taken is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Use of a Name Other Than True Name*

22. The true name of Defendant AMCA is Retrieval-Masters Creditors Bureau, Inc.

23. The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

application of the foregoing, the following conduct is a violation of this section: . . .

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .
>
> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

24. The FDCPA, 15 U.S.C. § 1692f, states:

> A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

25. By using the name American Medical Collection Agency in an attempt to collect the debt from Plaintiff when its collection service license permitted it to collect only in the name of Retrieval-Masters Creditors Bureau, Inc. violated 15 U.S.C § 1692e(14), and the use by Defendant RMCB of a name other than it's true name in connection with the collection of the debt is a false, deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to

collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Summary*

26. The above-detailed conduct by Defendants, including, but not limited to falsely representing that Defendant AMCA is licensed by the Tennessee Collection Services Board, and the use of any business, company, or organization name other than the true name of the debt collector, are false, deceptive, misleading, and unfair communications, acts, omissions, and/or practices used by Defendant in illegally attempting to collect a debt from Plaintiff in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## V. TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

28. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

29. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

30. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

08/24/09                                  Respectfully submitted,

**SANFORD L. RUSH**

_____
Alan C. Lee, Esq.
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 586-4300
info@alanlee.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF HAMBLEN )

Plaintiff Sanford L. Rush, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 8-12-09     By: /s/ Sanford L. Rush
                      Sanford L. Rush

11

Subscribed and sworn to before me this ___12___ day of August 2009.

_____
Notary Public